FILED'10 JAN 28 10:07 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARISELA PENA,                                                09-CV-06150-TC

                              Plaintiff,

            v.                                                OPINION AND ORDER
                                                      Granting Plaintiff's Motion to
HOUSING AND COMMUNITY SERVICE                         File an Amended Complaint
AGENCY OF LANE COUNTY, and JILL
FIELDS,

                              Defendants.
_____

COFFIN, Magistrate Judge:

        Plaintiff Marisela Pena brings this action alleging that defendants discriminated against her

in violation of various federal and state laws.  Plaintiff seeks leave to file a First Amended

Complaint. (Doc. 17).  I heard oral argument on this motion on January 27, 2010.  For the reasons

below, I grant plaintiff's motion to amend her complaint.

### **Legal Standard**

        A party may amend a pleading once as a matter of course before a responsive pleading or

within 20 days after serving the pleading, but, in all other cases, may only amend by consent of

Page 1 - OPINION AND ORDER

the opposing party of leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give

leave when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is within the trial court's

discretion, but that discretion "should be guided by the underlying purpose of Rule 15(a) which

was to facilitate decisions on the merits, rather than on technicalities or pleadings." In re Morris,

363 F.3d 891, 894 (9th Cir. 2004) (internal citations omitted). In giving leave to amend, a district

court may consider "factors such as bad faith, undue delay, prejudice to the opposing party,

futility of the amendment, and whether leave to amend has previously been granted." Id.

### Discussion

Plaintiff, a Hispanic female, alleges that defendants unlawfully discriminated against her

on the basis of her race. Her first Complaint alleged violation of Title VII, violation of 42 U.S.C

§ 1983, violations of ORS 659A.030, and intentional infliction of emotional distress. Plaintiff

seeks leave to file a First Amended Complaint to add additional allegations in response to recent

adverse employment actions, and to add claims and individually named defendants based on

information obtained during discovery.

Plaintiff seeks to include allegations that the November 2009 denial of her application for

promotion within HACSA was an adverse employment action in violation of her rights. She

seeks to add disparate impact as an alternative theory of liability to her state and federal claims.

Plaintiff moves to substitute Craig Satein, John Dembosky, and Larry Able in the place of

defendant Jill Fields, who was plaintiff's former supervisor. Her proposed Amended Complaint

alters her Section 1983 claims to focus on denial of promotional opportunities by defendants.

Finally, the proposed Amended Complaint deletes a claim for attorney fees that was

inadvertently included in her intentional infliction of emotional distress claims, and asserts

Page 2 - OPINION AND ORDER

plaintiff's intentional infliction of emotional distress claims only against defendant Housing and Community Service Organization of Lane County (HACSA).

The Ninth Circuit's policy of granting leave to amend a pleading is to be applied with extreme liberality. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). However, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988). I find that plaintiff's proposed amendments should be allowed in order to bring her complaint in line with sworn deposition testimony and recent events.

The proposed amendments are based on information learned or confirmed under oath during recent depositions and additional adverse employment actions recently taken against plaintiff. Additionally, plaintiff informed defendants of her intent to seek to amend her complaint as described herein within days of the parties' November depositions and the alleged November adverse employment action. Allowing plaintiff's amendments would not cause prejudice to the defendants, nor is there any evidence that plaintiff seeks to amend her complaint to cause delay or in bad faith. Discovery in this matter is still open, and the dispositive motion deadline can be moved to accommodate defendants' need for additional time in light of the amendments.

Defendants object to plaintiff's amended complaint to the extent it seeks to add additional defendants to the constitutional claims. Defendants argues that adding additional defendants would prejudice them. As noted above, I reject this argument. The court can alter any deadlines

Page 3 - OPINION AND ORDER

that become burdensome due to the addition of defendants, and defendants' argument that it would need to re-open depositions is not persuasive.

Defendants assert that plaintiff's motion to amend should be denied because amendment to three of her claims would be futile. First, defendants argue that amendment to plaintiff's procedural due process claim is futile because plaintiff fails to identify any property right of which she was deprived. (Doc. 21, p. 3) In her reply, plaintiff notes that her property rights are implicated by her failure to receive a promotion for which she was qualified that was ultimately awarded to a less-qualified employee. (Doc. 25, p. 4) Due process interest may stem from sources such as personnel policies in handbooks and manuals, from other rules and understandings, or even from the unwritten common understanding of a particular institution. Under Rule 8, claims for relief are notice pleadings–they must include a short and plain statement of the grounds for relief. Fed. R. Civ. P. 8(a)(1). In short, plaintiff need not identify the exact nature of her due process deprivation, she need only put defendants on notice of her claim. Defendants cannot establish that plaintiff can prove no set of facts under the amendment that would constitute a valid due process claim. Miller, 845 F.2d at 214. Thus, her amended due process claim is not futile.

Defendants also argue that plaintiff's free speech claims are barred because her speech was made in the course and scope of her employment, and therefore cannot support a First Amendment claim. (Doc. 21, p. 3). Again, under the notice pleading standard described in Rule 8, plaintiff need not set forth every detail of her allegation against defendants. She has set forth enough to establish that her free speech claim is not futile. Miller, 845 F.2d at 214. Accordingly, this amendment should be allowed.

Page 4 - OPINION AND ORDER

Finally, defendants argue that plaintiff's equal protection claim is futile because public employees are not allowed to bring a class-of-one equal protection claim. Defendants misconstrue plaintiff's argument. Plaintiff specifically alleges that her equal protection claim is based on race and color. (Doc 1, ¶ 41). Therefore plaintiff's claim is not a class-of-one equal protection claim, but rather a race discrimination equal protection claim. Accordingly, I allow amendment of this claim.

### Conclusion

Plaintiff's Motion for Leave to File a First Amended Complaint (doc. 17) is granted. Plaintiff may file First Amended Complaint by February 5, 2010.


IT IS SO ORDERED

DATED this _28t_ day of January, 2010.


THOMAS M. COFFIN
United States Magistrate Judge


Page 5 - OPINION AND ORDER